# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**DAVID HURLEY**
4961 Romans Way
Colgate, WI  53017,

      Plaintiff,

      v.                                  Case No.  23-CV-42

**VARIAN MEDICAL SYSTEMS, INC.**
3100 Hansen Way
Palo Alto, CA  94304

      Defendant.

---

## COMPLAINT

---

The plaintiff, David Hurley, by his attorney, William R. Rettko, as and for a claim against the above defendant, alleges and shows to the court as follows:

### NATURE OF THE CASE

This action is brought to secure the plaintiff David Hurley's civil rights to equal employment opportunity and to have the same terms, conditions and privileges of employment with the defendant Varian Medical Systems, Inc., which were changed by unlawful employment practices in failing to accommodate David Hurley's bona fide religious belief that conflict with Varian's requirement to get a COVID-19 vaccination in violation of Title VII, 42 U.S.C. §2000e.

### JURISDICTION AND VENUE

Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 2201, and the Equal Employment Opportunity Commission's Notice of Right to Sue Within 90 Days; a copy of which are attached hereto as Exhibit A and incorporated as if set forth at length herein.

## PARTIES

1. Plaintiff, David Hurley ("Hurley") is an adult residing in Colgate, Wisconsin, and was employed as a Software Senior Field Service Representative III in the Oncology Systems Service Center Business Unit for Varian Medical Systems, Inc., covering the State of Wisconsin, State of Iowa and at least one site in the upper peninsula of Michigan servicing Varian's software for equipment used by hospitals and other medical facilities offering cancer care and treatment at all material times hereto up to his termination on December 10, 2021.

2. Defendant, Varian Medical Systems, Inc. ("Varian"), is a corporation principally located at 3100 Hansen Way, Palo Alto, California 94304 with their Registered Agent being named as C T Corporation System, located at 301 S. Bedford Street, Suite 1, Madison, WI 53703, and is and was at all material times hereto the employer of Hurley.

## STATEMENT OF CLAIMS

3. On August 31, 2021, Varian issued a COVID-19 vaccine mandate for all U.S. Customer-Facing employees.

4. As of August 31, 2021, Hurley serviced 58 hospitals that required its employees to be vaccinated which included nine Ascension facilities in Wisconsin that announced on July 27, 2021 it would require COVID-19 vaccinations by November 12, 2021 for all vendors entering their facilities and were not going to grant exceptions to vendor employees who had religious or medical reasons for refusing to be vaccinated, and would require such vendors to do their work from outside of Ascension Facilities.

5. On September 13, 2021, Hurley requested a religious exemption to receive the COVID-19 vaccination wherein he described his sincere religious beliefs and practices while

2

also identifying that such an accommodation would not create an undue hardship for Varian as he worked from home for the last one and one-half years.

6. On October 15, 2021, Varian notified Hurley that they determined he held a sincere religious belief not to receive the COVID-19 vaccination but denied his religious accommodation on the basis such an exemption would create an undue hardship for Varian as he serviced Ascension health sites that required all vendors to be vaccinated to appear in their facilities.

7. In addition to denying Hurley the requested religious accommodation, Varian informed Hurley he could explore reassignment to an open position in which they could accommodate his religious exemption and that he had until October 18, 2021 to respond.

8. On October 18, 2021, Hurley responded to Varian's request by indicating that he was not going to get the COVID-19 vaccination for religious reasons and would prefer to keep his Software Senior Field Service Representative position as he had been working remotely from home for 14 plus years covering over 30 sites in Iowa and Wisconsin.

9. Also on October 18, 2021, Hurley informed Varian that Ascension Health only had three locations in Wisconsin that obtained Aria systems and that over the last two years he completed a total of 28 service requests remotely as there were no physical Eclipse workstations at any Ascension Hospital because they moved to Eclipse FAS servers which were under warranty through Dell and serviced by Dell technicians, and therefore Hurley's task was to coordinate the Dell service visit via phone with the Ascension IT person inside the data center.

10. In that same response on October 18, 2021, Hurley also questioned why he was being held to a different standard as he had personal knowledge Wisconsin Varian representatives who worked at the same Ascension Health facilities had been granted the

3

requested religious exemption despite the fact those individuals had to be onsite to perform work on accelerators.

11. As a final comment in his October 18, 2021 response to Varian, Hurley questioned why a reasonable accommodation couldn't include him being temporarily replaced with the Varian Software representative located one hour south of his home in Illinois wherein that person could take his three Ascension sites and Hurley could take three of his Illinois sites.

12. Varian responded to Hurley's October 18th email on October 29th informing Hurley that his response did not change their decision to deny his request for a religious accommodation on the basis such an accommodation would cause an undue hardship claiming it was an essential function of his position that when a customer needed him to go on site he was required to do so and the reassigning of certain customers to another employee in another state while reassigning some of that employee's customers to Hurley did not remedy the hardship, and as such, provided Hurley until November 1, 2021 to decide whether or not he wished to explore the possibility of reassignment.

13. On November 1, 2021, Hurley responded to Varian via email indicating that he wanted to keep his current position as a Senior Field Service Representative-Software, and further indicated he was only asking for the same religious accommodation Varian gave to three other field representatives in Wisconsin who had been granted the religious exemption including a hardware representative servicing the same Ascension Health facilities in Milwaukee he serviced who was allowed to remain the primary representative to troubleshoot issues remotely and to have another representative go on site if needed.

14. In addition, Hurley stated in his November 1, 2021 email to Varian that it was clear he was being held to a different standard than the three hardware representatives in

Wisconsin who were granted the religious exemption especially since he did not work on any of the physical equipment at any facility as that was the hardware representative's job and that Ascension's main servers were virtual with the furthest being a data center located in McFarland, Wisconsin which was one hour and twenty minutes from his house whereas the software representative in Illinois lived one hour and thirty eight minutes from McFarland.

15. Hurley concluded his November 1, 2021 email to Varian by asking if an extra 18 minutes for a potential response created an undue hardship for Varian and again asked Varian to reconsider his request for accommodation.

16. Hurley was required to cover Iowa and the upper peninsula of Michigan wherein he would have to drive up to six hours if required to appear in person, but Varian did not once claim that created an undue hardship on their business.

17. On November 2, 2021, Varian responded to Hurley informing him that he was required to get the COVID-19 vaccination by November 9, 2021 or on November 10, 2021 they would place him on unpaid suspension for four weeks to get the vaccine as well as requiring Hurley to report back to them by December 8, 2021 that he was fully vaccinated or he would be terminated.

18. On November 9, 2021, Varian again emailed Hurley indicating he was not compliant with their demand to get the COVID-19 vaccine by that date and such he was officially placed on an unpaid suspension as of November 10, 2021 and given until December 7, 2021 to get vaccinated or be terminated.

19. Once being denied his religious exemption and being threatened to be placed on unpaid leave, Hurley without any assistance from Varian looked at the Varian website for job

5

postings but did not see any positions that were in his field of expertise or that did not require a COVID-19 vaccination.

20.     On December 10, 2021, Varian terminated Hurley for failing to get the COVID-19 vaccine.

21.     By December 10, 2021, Varian knew that Ascension changed its position to allow religious exemptions for its vendors to receive the COVID-19 vaccination, but did not offer Hurley an opportunity to return although acknowledging he was entitled to the religious exemption as he held a sincere religious belief not to receive the COVID-19 vaccination.

22.     The software service representative from Illinois that Hurley suggested take the Ascension Health facilities in Wisconsin was the person Varian placed into Hurley's Wisconsin position when they terminated him despite claiming to do so would create an undue hardship for Varian.

23.     The Illinois representative would have to drive anywhere from one to two hours to cover all Ascension sites in Wisconsin if required, and once taking over the Wisconsin position, was to cover sites in La Crosse, Eau Claire, Wausau and Green Bay among other positions requiring driving times of up to four hours.

**FIRST CAUSE OF ACTION**
**VIOLATION OF TITLE VII FOR FAILURE TO ACCOMMODATE A RELIGIOUS EXEMPTION FROM THE COVID-19 Vaccination**

24.     Reallege and incorporate herein by reference paragraphs 1 through 23 of this Complaint as if set forth at length herein.

25.     Hurley properly provided Varian with a written documentation setting forth his strongly held religious beliefs as to why he could not subject himself to a COVID-19 vaccination

6

whereby Varian concluded Hurley sincerely held a strong religious belief that conflicted with Varian's mandate to receive a COVID-19 vaccination.

26. Varian denied Hurley's religious accommodation request to receive the COVID-19 vaccination on the basis such an accommodation created an undue hardship to their business.

27. Varian did suggest that Hurley look for job postings that he could qualify for that did not require a COVID-19 vaccination, but at no time did Varian provide any assistance to Hurley in such a job search, nor were comparable jobs posted that did not require a COVID-19 vaccination.

28. Varian's position that by using a Software representative from Illinois would create an undue hardship due to slower response times is nothing more than a de minimis inconvenience as proven by the fact Hurley was replaced by the Software Representative from Illinois.

29. Varian's actions to deny Hurley the religious accommodation in terminating his employment caused Hurley to suffer emotional distress, physical injury, loss of future wages and benefits together with attorney fees and costs as allowed by law.

30. Varian's actions to deny Hurley the religious accommodation in terminating his employment based on an undue hardship although knowing Ascension was going to allow vendors to enter their facilities without requiring a COVID-19 vaccination if having a proven sincere religious belief shows a deliberate and reckless indifference in violation of his rights to a religious exemption under Title VII and entitle him to punitive damages as assessed by a jury.

**WHEREFORE**, Plaintiff, David Hurley respectfully requests that this Court:

A. Assume jurisdiction of this case;

7

B.      Declare that the defendants' actions in failing to accommodate David Hurley denied him the rights afforded to him in Title VII, and enter a declaratory judgment to that effect;

C.      Award plaintiff compensatory damages against the defendant in a sum to be determined by a jury;

E.      Award punitive damages against the defendant in a sum to be determined by a jury in favor of plaintiff;

F.      Award plaintiff his loss of back pay, future pay, overtime pay and benefits.

G.      Grant the plaintiff his costs, disbursements, and attorney fees in bringing this action; and

H.      Grant such further relief as the Court deems just and equitable.

**A TRIAL BY JURY IS HEREBY DEMANDED.**

Respectfully submitted, this 11th day of January, 2023.

> **RETTKO LAW OFFICES, S.C.**
> Counsel for Plaintiffs
> s/William R. Rettko
> State Bar No. 1002608
> 15460 W. Capitol Drive, Suite 150
> Brookfield, WI  53005
> (262) 783-7200
> bill@rettkolaw.com